UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Edward Howard Saunders, Jr., ) | |
| #11022-058, a/k/a ) | C/A No.: 8:08-3333-GRA-BHH |
| Edward H. Saunders, Jr., ) | |
| ) | |
| ) | Order |
| Petitioner, ) | |
| vs. ) | |
| ) | |
| ) | |
| John J. Lamanna, Warden, ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(c), D.S.C., filed on December 2, 2008. The magistrate now recommends that this Court dismiss the case without prejudice. For the reasons stated herein, this Court adopts the magistrate's Report and Recommendation.

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The

recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The plaintiff offers six objections that meet this standard.

## OBJECTIONS

The plaintiff first objects to the magistrate's contention that the court cannot ignore a clear failure in the pleading to allege facts which set forth a claim. Instead, the plaintiff argues that Federal statutes allow a wide range of pleadings. It appears that the plaintiff misunderstands this portion of the Report and Recommendation. In the relevant section, the magistrate was not discussing the plaintiff's case in particular, but instead, explaining the pleading standards as applied to *pro se* litigants. Accordingly, this objection is without merit.

Second, the petitioner argues that appropriate relief is available for his claim under §2255, not § 2241. However, a federal prisoner seeking to challenge the

legality of his conviction or sentence must proceed pursuant to 28 U.S.C. § 2255 (2000) in the district of conviction. By contrast, § 2241 petitions are generally reserved for challenges to the execution of a prisoner's sentence. *Hammitt v. U.S. Probation Office 235*, Fed.Appx. 129, 130 (4th Cir. 2007). In this instance, the petitioner is attempting to repackage a § 2255 claim under §2241. Accordingly as the petitioner is clearly challenging his conviction, not an execution of his sentence this objection is without merit.

Third, the petitioner objects to the magistrate's treatment, in part, of his case as an *Apprendi* claim. *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 2362-63 (2000). However, in his pleadings, the petitioner cites to *Apprendi*. Accordingly, the magistrate properly addressed an *Apprendi* claim in her Report and Recommendation as a matter of due diligence and her *Apprendi* analysis does not effect any of the petitioner's other claims. Accordingly, this objection is without merit.

Fourth, the petitioner alleges that he is not required to exhaust state remedies under § 2241. First, as a threshold matter, it is important to note that this portion of the magistrate's Report and Recommendation cannot be construed as permitting a cause of action under § 2241. *See supra.* Instead the magistrate is simply explaining that even if the prisoner could bring this cause of action under § 2241, it would be subject to the administrative exhaustion requirements. *See Jaworski v. Gutierrez,* 509 F.Supp.2d 573, 577-78 (N.D.W.Va. 2007) (explaining that generally "Federal inmates

must exhaust their administrative remedies before filing a § 2241 petition for a writ of habeas corpus."). Thus, even if this Court were to allow the exceptional expansion of § 2241 that the petition seeks, he still would be unable to bring his claim without exhausting his administrative remedies.

Fifth, the petitioner objects to the magistrate's assertion that the plaintiff has not set forth any facts demonstrating that a subsequent §2255 petition would be unsuccessful. The petitioner seems to argue that his diligence in pursuing his claims demonstrates that his § 2255 petition would be unsuccessful. This argument is without merit.

In order to demonstrate that a subsequent action under § 2255 would be inadequate, a petitioner must demonstrate:

> "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law."

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000). The petitioner has not even arguably met this standard or pled facts that could be construed to meet this standard.

Finally, the defendant argues that the magistrate erred in her assertion that the Western District of North Carolina had already heard his claims of actual innocence claims. To the contrary, the record is abundantly clear that both the District Court and the Fourth Circuit evaluated and denied his claims based on newly discovered

evidence. *See United States v. Saunders*, 275 Fed.Appx. 265, 266 (4th Cir. 2008); *U.S. v. Saunders,* 72 Fed.Appx. 924, 925 (4th Cir. 2003).  Accordingly, this Court will not consider these claims.

## **CONCLUSION**

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the Report and Recommendation in its entirety.  Accordingly, it is ORDERED that Mr. Saunders's petition is dismissed *without prejudice* and without requiring the respondents to file a return.  Additionally, all additional outstanding motions in this matter are dismissed as moot.

IT IS SO ORDERED

                                                                                          _____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

February 9, 2009

## **NOTICE OF RIGHT TO APPEAL**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiffs have the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**